E-FILED
Thursday, 14 May, 2026 08:02:41 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

JAMES REATO, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

ELECTROLUX CONSUMER PRODUCTS, INC.

*Defendant.*

**Case No.:**

**CLASS ACTION**
**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, James Reato ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Complaint against Defendant, Electrolux Consumer Products, Inc. ("Electrolux" or "Defendant"), and allege upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1. Plaintiff brings this class action lawsuit on behalf of himself and individuals who purchased Defendant Electrolux's Frigidaire-brand Gas Ranges (hereinafter "Products", or "Gas Range") for normal household use.
2. The product was sold at Lowe's, The Home Depot, and other retail stores nationwide and online at Frigidaire.com from June 2025 through January 2026 for between $630 and $2,700.[1]
3. These Frigidaire Gas Ranges are distributed, marketed, and sold by Defendant to consumers

[1] https://www.cpsc.gov/Recalls/2026/Electrolux-Group-Recalls-Frigidaire-Gas-Ranges-Due-to-Burn-Hazard

across the United States and in Canada.

4. Unfortunately, the ovens in the ranges can experience a delayed ignition of the oven's bake burner, posing a risk of burn hazards to users.[2]

5. The Recall applies to 174,800 units.

6. Other companies design, manufacture formulate, produce, and sell non-defective Gas Ranges with production methods that do not cause the Products to potentially catch fire which is evidence that the burn risk inherent with Defendant's Products is demonstrably avoidable.

7. Feasible alternative formulations, designs, and materials are currently available and were available to Defendant at the time the Products were formulated, designed, and manufactured.

8. Plaintiff purchased the Product, while lacking the knowledge that the Products could have a delayed ignition creating a burn risk and exposing users to a possible burn hazard.

9. All consumers who purchased the worthless and dangerous Products have suffered losses.

10. As a result of the above losses, Plaintiff seeks damages and equitable remedies on behalf of themselves and the putative class.

## PARTIES

11. Plaintiff James Reato is a citizen of Martinton, Illinois, which is in Iroquois County.

12. Plaintiff purchased Model GCRG3060BF from Frank's Appliance Center and Sleep Source.

13. Defendant Electrolux Consumer Products, Inc. is a US corporation organized and existing under the laws of the State of Delaware. The Defendant's Registered Agent for service of process is located at 1209 Orange Street, Wilmington, Delaware 19801. The Corporation Trust Company is its Registered Agent.

## JURISDICTION AND VENUE

[2] *Id.*

14. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d).

15. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself to this District's jurisdiction and authority, given that the Defendant has conducted substantial business in this judicial district and in the State of Illinois through the national sale of its product

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, given that the distribution and sale of the defective product occurred within this District.

## **FACTUAL ALLEGATIONS**

17. Plaintiff incorporates the allegations set forth in the previous Paragraphs as though set forth fully herein.

18. Plaintiff purchased a model number subject to recall whose serial number is within the range noted in the CPSC Recall Notice.

19. On March 19, 2026, the CPSC issued a recall for Electrolux's Frigidaire-brand models of ovens. The impacted models include: FCFG3083AS, FCRG3083AD, FCRG3083AS, GCFG3060BD, GCFG3060BF, GCFG3070BF, GCRG3060BD, GCRG3060BF, PCFG3080AF, FCFG3062AB, FCFG3062AS, FCFG3062AW, FCRG3051BB, FCRG3051BS, FCRG3051BW, FCRG3052BB, FCRG3052BS, FCRG3052BW, FCRG3062AB, FCRG3062AS, FCRG3062AW, FCRG306LAF, and GCFG3059BF, within the serial number range of VF52200000 through VF54399999.The model and serial numbers are printed on a nameplate located in the drawer beneath the oven. Defendant has received

reports of at least 62 reports of the oven's bake burner delayed ignition, including 30 reports of burn injuries. 3

20. The Product was sold at Lowe's, other stores nationwide, and online at Frigidaire.com. At this time, the Defendant is offering an in-home installation of a new bake burner at no cost to consumers.4 Plaintiff purchased the Product as "new" and intended it for ordinary use.

21. Plaintiff bargained for a Product that was safe to use. Defendant's Products were, and are, unsafe. As a result of the burn risk while using the Gas Range, Plaintiff, and all others similarly situated, were deprived of the basis of their bargain. This dangerous burn risk inherent to the Products renders them unmerchantable and unfit for their normal intended use.

22. Plaintiff is entitled to damages for the injury sustained in being exposed to such danger, damages related to the Defendant's conduct, economic damages and injunctive relief.

***Defendant's Misrepresentations and Omissions are Actionable***

23. The Defendant engaged in fraudulent, unfair, deceptive, misleading, and/or unlawful conduct stemming from its omissions surrounding the risk of burn hazard affecting the Products.

24. Indeed, no reasonable consumer, including the Plaintiff, would have purchased the Product had they known of the material omissions regarding the possibility that the Products could burn them.

25. Plaintiff intended to purchase a Product that would be safe for normal use, but instead was sold an unreasonably dangerous oven. If Plaintiff and Class Members had been aware of the gas ranges' burn hazard risk, they would not have purchased the Product or would have paid significantly less. As a result of the Defendant's actions, Plaintiff and Class Members have incurred damages.

## CLASS ACTION ALLEGATIONS

26. Plaintiff incorporates the allegations set forth in the previous Paragraphs as though set forth fully herein. Plaintiff brings this action on behalf of themselves and as a class action for all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

> **National Class: All persons within the United States who purchased Frigidaire-brand Oven/Gas Ranges that were recalled in March 2026 within the statute of limitations.**
>
> **Illinois Subclass: All persons within the state of Illinois who purchased Frigidaire-brand Oven/Gas Ranges that were recalled in March 2026 within the statute of limitations.**

27. This Nationwide Class shall be referred to herein as the "National Class." The Illinois subclass shall be referred to herein as the "Subclass." Collectively, the National Class and the Subclass shall be referred to as the "Class" unless otherwise noted. Plaintiffs reserve the right to amend the Class definition and/or add Subclasses if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

28. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

29. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from major retail sellers.

30. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff

can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31. The proposed Class is so numerous that the joinder of all members is impracticable.

32. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

33. **Numerosity: Fed. R. Civ. P. 23(a)(1)** – Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Classes are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff's only through the discovery process. Preliminary estimates suggest that 174,800 units are subject to recall. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

34. **Typicality: Fed R. Civ. P. 23(a)(3)** – Plaintiff's claims are typical of the claims of the members of the Class, because, inter alia, all Class Members have been injured through the uniform misconduct described above and were charged improper and deceptive fees as alleged herein. Moreover, Plaintiff's claims are typical of the Class Members' claims because Plaintiff is advancing the same claims and legal theories on behalf of themselves and all members of the Class. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class and Sub-class.

35. **Adequacy: Fed. R. Civ. P. 23(a)(4)** – Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff and the members of the Class were all consumers of a defective product posing a burn hazard. Plaintiff will fairly and adequately represent and protect

the interest of the Class and has retained competent counsel experienced in complex litigation and class action litigation. Plaintiff has no antagonistic interest to those of the Class, and Defendant has no defenses unique to the Plaintiff.

36. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** – A class action is superior to all other available means for the fair and efficient adjudication of claims of the Plaintiff and Class Members. There are questions of law and fact common to all Class Members that predominate over questions affecting only individual Class Members. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be incurred by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs committed against him or her. Further, even if the Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. On the other hand, the class action device provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

37. Plaintiff seeks monetary damages, including compensatory damages on behalf of the Class, and other equitable relief on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described. Unless a Class is certified, Defendant will be allowed to profit from its unfair and unlawful practices, while Plaintiff and the members of the Class will have suffered damages. Unless a Class-wide injunction is issued, Defendant may

continue to benefit from these alleged violations, and the members of the Class a may continue to be unfairly treated making final injunctive relief appropriate with respect to the Class as a whole.

38. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** – This action involves questions of law and fact common to the Classes. The common legal and factual questions include, but are not limited to, the following:

a. Whether the Gas Range can experience a delayed ignition of the oven's bake burner, posing a risk of burn hazards to users;
b. Whether Defendant's wrongful retention of the Plaintiff's and Class Members' payments was an act of conversion;
c. Whether Defendant's retention of Plaintiff and Class Members' payments was a violation of Defendant's duty of good faith and fair dealing;
d. The proper method or methods by which to measure damages and/or restitution and/or disgorgement; and
e. Whether Plaintiff and the Class are entitled to declaratory and injunctive relief and the nature of that relief.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY

39. Plaintiff incorporates the allegations set forth in the previous Paragraphs as though set forth fully herein.

40. Plaintiff brings this claim against Defendant on behalf of himself and the other Members of the Nationwide Class.

41. Plaintiff and each Member of the Class formed a contract with Defendant at the time they purchased the Products. The terms of the contract included express warranties created by Defendant through affirmative representations, advertising, packaging, labeling, and marketing of the defective Gas Ranges.

42. Defendant, through these marketing and advertising efforts, expressly warranted that the Products were safe, effective, and fit for their intended purpose. These warranties became part of

the basis of the bargain between Plaintiff, Class Members, and Defendant.

43. Defendant made these affirmations of quality and safety through product labeling, packaging, and marketing materials. Defendant reinforced and relied upon these warranties by advertising, displaying, and selling the Products to consumers, thereby making its own express representations of the Products' safety and fitness.

44. Plaintiff and the Class Members fulfilled all conditions precedent to Defendant's liability under this contract, including purchasing the Products in reliance on Defendant's representations.

45. Defendant breached its express warranties because the Products were defective by creating a serious burn hazard contrary to their representations. The Products failed to conform to the express affirmations and promises made by the Defendant.

46. Plaintiff and Class Members would not have purchased the Products had they known the true nature of the risks, including the potential for burn hazards and burn injuries.

47. As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members suffered and continue to suffer economic losses. They are entitled to compensatory damages, attorneys' fees, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## BREACH OF IMPLIED WARRANTY

48. Plaintiff incorporates the allegations set forth in the previous Paragraphs as though set forth fully herein.

49. Plaintiff brings this claim against Defendant on behalf of themselves and the other Members of the Nationwide Class.

50. Defendant is a merchant engaged in the business of manufacturing, distributing, warranting, and/or selling the Products.

51. The Products are goods under the relevant laws, and at all times relevant, Defendant knew or had reason to know of the specific use for which these Products were purchased.

52. Defendant entered into agreements with retailers to distribute and sell the Products to consumers, including Plaintiff and Class Members, for personal and household use.

53. The implied warranty of merchantability, which applies to all sales of goods, means that Defendant warranted that the Products were fit for their ordinary purpose-- namely, to safely provide a Gas Range without posing unreasonable risks of harm.

54. However, Defendant breached the implied warranty of merchantability because the Products were defective, not fit for their intended use, and posed a risk of a delayed ignition during ordinary use creating a burn hazard. As a result, they were unfit for their ordinary purpose.

55. This implied warranty applies to all purchasers of the Products, including Plaintiff and Class Members, because they reasonably relied on Defendant's status as merchants and sellers of safe, functional goods.

56. Privity of contract is not required, as Plaintiff and Class Members are the intended beneficiaries of Defendant's implied warranties. Defendant's warranties were created for the benefit of consumers, including Plaintiff and Class Members.

57. Defendant was on notice of the defects through consumer complaints, reports of burning incidents, and the recall of the Products, yet failed to address these defects before selling the Products to consumers.

58. Had Plaintiff, Class Members, and other consumers known that the Products created a burn hazard they would not have purchased them or would have paid significantly less.

59. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and Class Members suffered and continue to suffer financial harm,

injury, and other damages. Plaintiff and the Classes seek all available damages, including compensatory damages, attorneys' fees, interest, and any other relief deemed appropriate by the Court.

## COUNT III

## FRAUDULENT CONCEALMENT

60. Plaintiff incorporates the allegations set forth in the previous Paragraphs as though set forth fully herein.
61. Plaintiff brings this claim on behalf of himself and the Class.
62. Defendant had a duty to disclose material facts to Plaintiff and Class Members given their relationship as contracting parties and intended users of the Products.
63. Defendant had superior knowledge about the defective nature of the product at issue, particularly the risk of a burn hazard presented by the delayed ignition, which made them unfit for ordinary use.
64. During this time, Plaintiff and Class Members were using the Product without knowing of these burn risks, reasonably believing that the Products were safe for use.
65. Defendant knew or should have known about the defect but failed to warn consumers, retailers, or regulators, and continued to sell the Product despite the defect, and either knew or should have known about the risk, particularly if the recall had already been issued.
66. Defendant failed to disclose these material facts with the intent to induce consumers into purchasing the Products, despite the latent defect. This failure constitutes fraudulent concealment as Defendant intentionally withheld critical safety information that, if disclosed, would have affected consumer purchasing decisions.
67. Plaintiff and Class Members reasonably relied on Defendant's failure to disclose, believing

that the Products were safe when, in fact, they were not.

68. Had Plaintiff and Class Members known the true risks, they would not have purchased the Products or would have paid significantly less.

69. As a direct and proximate result of Defendant's fraudulent concealment, Plaintiff and Class Members suffered financial losses, including the cost of purchasing defective Products, the risk of harm, and the devaluation of their purchases.

70. Because Defendant acted with willful and malicious intent, punitive damages are warranted to deter future misconduct and punish Defendants for knowingly concealing critical safety information from consumers.

## COUNT IV
## STRICT LIABILITY – FAILURE TO WARN

71. Plaintiff incorporates the allegations set forth in previous Paragraphs as though set forth fully herein.

72. Plaintiff brings this claim against Defendant on behalf of himself and the other Members of the Nationwide Class.

73. Defendant had a duty to warn Plaintiff and Class Members about the Defect and the true risks associated with the Products.

74. As the manufacturer, Defendant was in a superior position to know about the defective Products and their dangerous propensity to create a burn hazard. However, Defendant failed to warn consumers, retailers, and regulatory agencies about the risks when it had the opportunity to do so.

75. Defendant failed to provide adequate warnings regarding the risks of the Product before or at the time of sale, particularly if it continued selling the Products despite knowledge of the recall

or other safety concerns.

76. Defendant had access to critical safety information regarding the burn hazards associated with the Products, yet failed to warn Plaintiff and Class Members, leaving them unaware of the dangers.

77. Despite knowing the risks, Defendant did not strengthen their warnings or provide adequate safety disclosures before selling the Product. Instead, Defendant actively concealed or ignored the need for stronger warnings, prioritizing sales over consumer safety.

78. Plaintiff and Class Members would not have purchased, chosen, or paid for the Products had they known of the risk of a burn hazard during ordinary use caused by the delayed ignition. Because Defendant failed to provide proper warnings, consumers were deprived of their right to make an informed purchasing decision.

79. The Defect proximately caused Plaintiff and Class Members' damages, as they purchased and used a Product that posed an unreasonable risk of harm without their knowledge.

80. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT V
## STRICT LIABILITY – DESIGN DEFECT

81. Plaintiff incorporates the allegations set forth in previous Paragraphs as though set forth fully herein.

82. Plaintiff brings this claim on behalf of himself and the Class.

83. The recalled Frigidaire Gas Ranges are defective and unreasonably dangerous, making the Product unsafe for consumer use.

84. The burn risk associated with the delayed ignition while Plaintiff and Class Members used the Products caused exposure to a known burn hazard and posed a serious risk of injury.

85. The design defect rendered the Product not reasonably fit, suitable, or safe for their intended purpose, violating consumer safety expectations.

86. The risk of a burn outweighs the benefits of the Product, making them unreasonably dangerous to consumers.

87. There were alternative, safer Gas Range designs available, including other Gas Ranges that did not pose a similar burn risk, meaning Defendant had the ability to manufacture a safer product, but failed to do so.

88. Defendant could have implemented safer design modifications that would have reduced or eliminated the burn risk, such as improved ignitions, but did not do so.

89. Because the Products were unreasonably unsafe and did not perform as an ordinary consumer would expect, they should not have been sold to consumers.

90. Defendant is strictly liable for selling the defective Product, as strict liability applies to all entities in the chain of distribution.

91. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT VI
## NEGLIGENT FAILURE TO WARN

92. Plaintiff incorporates the allegations set forth in previous Paragraphs as though set forth fully herein.

93. Plaintiff brings this claim on behalf of himself and the Class.

94. Defendant owed Plaintiff and Class Members a duty of care to warn of any risks associated

with the Products.

95. Defendant knew or should have known that the defective product posed a significant burn risk associated with its ignition but failed to warn Plaintiff and Class Members.

96. Defendant had a duty to warn consumers if it had knowledge or reason to know about the defect including through prior consumer complaints, product recalls, or other safety notices, but failed to provide adequate warnings before or at the time of sale.

97. Plaintiff and Class Members had no way of knowing about the Product's defect, as an ordinary consumer would not expect the Product's delayed ignition during ordinary use.

98. Defendant's breach of its duty to warn caused Plaintiff and Class Members to suffer economic damages and physical injuries.

99. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees available under law.

## COUNT VII
## NEGLIGENT DESIGN DEFECT

100. Plaintiff incorporates the allegations set forth in previous Paragraphs as though set forth fully herein.

101. Plaintiff brings this claim against Defendant on behalf of himself and the other Members of the Nationwide Class (the "Class").

102. Defendant owed Plaintiff and Class Members a duty of care to design, manufacture, and sell products that were safe for their intended use.

103. The design of the recalled Frigidaire Gas Ranges are defective and unreasonably dangerous, causing exposure to the risk of severe injury or property damage.

104. The design of the Products rendered them unfit, unsuitable, and unsafe for their intended

purpose, as the burn hazard far outweighed any benefits of the Product.

105. There were alternative, safer designs available that did not have delayed ignition, meaning Defendant could have implemented a safer design but failed to do so.

106. Defendant had access to industry knowledge, safety reports, ignition testing, batch tests, risk assessments, and consumer complaints that should have alerted them to the defective nature of the Products.

107. Defendant was negligent in selling the defective Products, as they either knew or should have known that the design was unreasonably dangerous, particularly if the recall had been issued or customer complaints had been received before further sales.

108. The negligent design of the Product was the proximate cause of Plaintiff and Class Members' damages, as it posed an inherent and foreseeable risk of harm that Defendant failed to address.

109. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT VIII
## NEGLIGENT MANUFACTURING DEFECT

110. Plaintiff incorporates the allegations set forth in previous Paragraphs as though set forth fully herein.

111. Plaintiff brings this claim against Defendant on behalf of himself and the other Members of the Nationwide Class (the "Class").

112. Defendant owed Plaintiff and Class Members a duty of care to manufacture and sell products that were safe for their intended use.

113. The manufacturing of the recalled Frigidaire Gas Ranges was defective and unreasonably

dangerous, causing exposure to the risk of severe injury or property damage.

114. The manufacturing of the Products rendered them unfit, unsuitable, and unsafe for their intended purpose, as the burn hazard far outweighed any benefits of the Product.

115. Defendant had access to industry knowledge, safety reports, ignition testing, batch tests, risk assessments, and consumer complaints that should have alerted them to the defective nature of the Products.

116. Defendant was negligent in manufacturing and selling the defective Products, as they either knew or should have known that the design was unreasonably dangerous, particularly if the recall had been issued or customer complaints had been received before further sales.

117. The negligent manufacturing of the Product was the proximate cause of Plaintiff and Class Members' damages, as it posed an inherent and foreseeable risk of harm that Defendant failed to address.

118. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Members of the Class alleged herein, respectfully request that the Court enter judgment in their favor and against the Defendant as follows:

A. For an order certifying the Class and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel;

B. For an order declaring that Defendant's conduct violates the causes of action referenced herein;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted

herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper;

H. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

I. For an order providing for all other such equitable relief as may be just and proper.

Plaintiff hereby demand a trial by jury on all issues so triable.

Dated: May 14, 2026

Respectfully submitted,

*/s/ Paul J. Doolittle*
Paul J. Doolittle
**Poulin | Willey | Anastopoulo, LLC**
32 Ann Street
Charleston, SC 29403
T: (803) 222 – 2222
E: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

*Attorney for Plaintiff and the Putative Class*